## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DAVID MICHAEL MARCISZEWSKI,**

    **Plaintiff,**

 **v.**                                    **CASE NO:**

**CAMERON ASHLEY BUILDING PRODUCTS,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID MICHAEL MARCISZEWSKI, (hereinafter "Plaintiff" or "Mr. Marciszewski"), by and through the undersigned counsel, hereby sues Defendant, CAMERON ASHLEY BUILDING PRODUCTS (hereinafter "Defendant," "Cameron Ashley," or "Company") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on disability and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.     As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, altered the terms, conditions, and privileges of his employment because of his disability, and retaliated against him for requesting reasonable accommodations and taking medical leave in violation of his rights under the ADA and the FCRA.

3.     As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.     Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the

rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.     Plaintiff is David Michael Marciszewski, a 59-year-old male who has been diagnosed with a heart condition requiring significant medical treatment and accommodations, including a doctor-issued life vest and medical leave from work.

9.     Plaintiff is a member of a class protected against discrimination and retaliation based on his disability under the ADA and the FCRA.

10.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state

statutes.

11. At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADA and the FCRA.

12. The Defendant, CAMERON ASHLEY BUILDING PRODUCTS, is a company with a principal place of business located at 153 South County Line Rd, Plant City, FL 33566, Hillsborough County, Florida.

13. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, where they employed Plaintiff as a commercial driver and warehouse worker.

14. At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to the ADA and the FCRA, employing fifteen (15) or more employees.

15. Accordingly, Defendant is liable under the ADA and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

16. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17.     On May 21, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination and retaliation.

18.     On December 31, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 511-2025-03148) against Defendant.

19.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

20.     All conditions precedent to bringing this action have been performed or have occurred.

## **GENERAL ALLEGATIONS**

21.     Mr. Marciszewski suffers from a serious heart condition that requires significant medical treatment and accommodations. As a result of

his heart attack, Mr. Marciszewski requires a doctor-issued life vest and periodic medical leave from work to manage his condition and receive necessary medical care.

22. Mr. Marciszewski began working for Cameron Ashley Building Products as a commercial driver and warehouse worker at their facility located at 153 South County Line Rd, Plant City, FL 33566, Hillsborough County, Florida.

23. Throughout his employment with Cameron Ashley Building Products, Mr. Marciszewski maintained exemplary job performance. He consistently received yearly evaluations from the Safety department with no issues and never received anything lower than "meets expectations" on his performance reviews.

24. During his tenure, Mr. Marciszewski received formal awards, recognitions, promotions, and raises from Defendant. He was never reprimanded for any workplace conduct and was paid properly, including overtime compensation when applicable.

25. Mr. Marciszewski's supervisors included Doug Dewise, who served as his Safety Supervisor, and he worked closely with Kim Moulton from the Human Resources department.

26. In early 2025, Mr. Marciszewski suffered a heart attack that required immediate and ongoing medical treatment from multiple healthcare providers, including Dr. Coffman (his cardiologist), Dr. R. Patel (his family doctor), and Dr. Sakka.

27. As a result of his heart attack and ongoing cardiac condition, Mr. Marciszewski's doctors prescribed various medications and medical devices, including a doctor-issued life vest that he was required to wear as a life-saving accommodation.

28. Mr. Marciszewski's medical condition also required him to take medical leave from work to receive necessary treatment and to recover from his heart attack.

29. Mr. Marciszewski properly notified Defendant of his medical condition and requested reasonable accommodations, including the ability to wear his medically necessary life vest while working and approved medical leave time.

30. Defendant was fully aware of Mr. Marciszewski's serious medical condition and his need for reasonable accommodations under the ADA.

31. Rather than engaging in the interactive process required under

the ADA or providing reasonable accommodations, Defendant began treating Mr. Marciszewski differently because of his disability.

32.    On March 1, 2025, the same day that Mr. Marciszewski's approved medical leave was scheduled to begin, Defendant terminated Mr. Marciszewski's employment.

33.    The termination was communicated to Mr. Marciszewski via telephone by Kim Moulton from Human Resources and Doug Dewise, his Safety Supervisor, who informed him that he was "terminated effective immediately."

34.    When Mr. Marciszewski asked for the reason for his termination, Defendant's representatives cited vague and pretextual reasons, including "lack of company progress" and "lack of company's performance."

35.    These stated reasons for termination were pretextual, as Mr. Marciszewski had consistently received positive performance evaluations and had never been disciplined or reprimanded during his employment.

36.    The timing of the termination - occurring on the exact same day that Mr. Marciszewski's approved medical leave was to commence - demonstrates that Defendant terminated him because of his disability and in retaliation for requesting reasonable accommodations and medical leave.

37. Following his termination, Defendant offered Mr. Marciszewski a severance package of $7,000.00, which he did not sign.

38. Ironically, on the same day Defendant terminated Mr. Marciszewski, March 1, 2025, he began receiving short-term disability benefits, confirming the legitimacy of his medical condition and need for accommodations.

39. As a result of his ongoing medical condition and prescribed medications, Mr. Marciszewski remains unable to work or apply for other positions, demonstrating the continuing severity of his disability.

40. Mr. Marciszewski was shocked and speechless upon receiving notice of his termination, particularly given his exemplary work record and the timing coinciding with his medical leave.

41. By terminating Mr. Marciszewski on the day his medical leave was to begin, Defendant failed to provide reasonable accommodations, failed to engage in the required interactive process, and discriminated against him based on his disability.

42. Defendant's actions also constituted unlawful retaliation against Mr. Marciszewski for exercising his rights under the ADA by requesting reasonable accommodations and medical leave.

43. As a direct and proximate result of Defendant's unlawful discrimination and retaliation, Mr. Marciszewski has suffered significant damages, including loss of employment, wages, health insurance benefits, life insurance benefits, vacation time, and bonuses.

44. Mr. Marciszewski has also suffered emotional distress, mental anguish, embarrassment, and humiliation as a result of Defendant's discriminatory conduct.

45. At all times relevant herein, Mr. Marciszewski was a qualified individual with a disability who could perform the essential functions of his job with or without reasonable accommodation.

## COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Disability Discrimination (Wrongful Termination)
### 42 U.S.C. §§ 12101–12213

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. At all times material hereto, Defendant was an employer within the meaning of the ADA.

48. At all times material hereto, Plaintiff was disabled within the meaning of the ADA, in that he suffered from a serious heart condition that

substantially limited one or more major life activities.

49. At all times material hereto, Plaintiff was a qualified individual with a disability because he could perform the essential functions of his position, with or without reasonable accommodation.

50. Defendant knew of Plaintiff's disability.

51. On March 1, 2025, Defendant terminated Plaintiff's employment.

52. Plaintiff's disability was a motivating factor in Defendant's decision to terminate his employment.

53. The timing of Plaintiff's termination—on the same day his approved medical leave was to begin—supports an inference of discriminatory intent.

54. Defendant's stated reasons for Plaintiff's termination, including "lack of company progress" and "lack of company's performance," were false and pretextual.

55. Defendant discriminated against Plaintiff because of his disability in violation of the ADA.

56. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental

anguish, humiliation, and other compensatory damages permitted by law.

**WHEREFORE**, the Plaintiff, DAVID MICHAEL MARCISZEWSKI, demands judgment against Defendant, CAMERON ASHLEY BUILDING PRODUCTS, for damages, attorneys' fees, costs, interest, and such other legal and equitable relief as the Court deems just and proper, and demands trial by jury on all issues so triable.

## COUNT II
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
**Failure to Accommodate**
**42 U.S.C. §§ 12101–12213**

57.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

58.     At all times material hereto, Defendant was an employer within the meaning of the ADA.

59.     At all times material hereto, Plaintiff was disabled within the meaning of the ADA.

60.     At all times material hereto, Plaintiff was a qualified individual with a disability who could perform the essential functions of his position with reasonable accommodation.

61.     Defendant knew of Plaintiff's disability and his need for

accommodation.

62. Plaintiff requested reasonable accommodations, including permission to wear his medically necessary life vest and approved medical leave for treatment and recovery.

63. Defendant was obligated to provide reasonable accommodation to Plaintiff absent undue hardship and to engage in an interactive process in response to Plaintiff's request.

64. Defendant failed to provide reasonable accommodation to Plaintiff.

65. Defendant also failed to engage in the interactive process in good faith.

66. As a direct and proximate result of Defendant's failure to accommodate Plaintiff's disability, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, and other compensatory damages permitted by law.

**WHEREFORE**, Plaintiff, DAVID MICHAEL MARCISZEWSKI, demands judgment against Defendant, CAMERON ASHLEY BUILDING PRODUCTS, for damages, attorneys' fees, costs, interest, and such other

legal and equitable relief as the Court deems just and proper, and demands

trial by jury on all issues so triable.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Retaliation
### 42 U.S.C. §§ 12101–12213

67.    Plaintiff re-alleges and incorporates by reference paragraphs 1

through 45 as if fully set forth herein.

68.    At all times material hereto, Defendant was an employer within

the meaning of the ADA.

69.    Plaintiff engaged in statutorily protected activity under the ADA

by requesting reasonable accommodations for his disability, including

permission to wear his medically necessary life vest and approved medical

leave.

70.    Defendant knew that Plaintiff engaged in protected activity.

71.    Defendant subjected Plaintiff to an adverse employment action

when it terminated his employment on March 1, 2025.

72.    There is a causal connection between Plaintiff's protected

activity and Defendant's decision to terminate his employment.

73.    The close temporal proximity between Plaintiff's request for

accommodation and medical leave and his termination, together with Defendant's pretextual explanation for the termination, evidences retaliatory motive.

74. Defendant retaliated against Plaintiff for engaging in protected activity in violation of the ADA.

75. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, and other compensatory damages permitted by law.

**WHEREFORE**, the Plaintiff, DAVID MICHAEL MARCISZEWSKI, demands judgment against Defendant, CAMERON ASHLEY BUILDING PRODUCTS, for damages, attorneys' fees, costs, interest, and such other legal and equitable relief as the Court deems just and proper, and demands trial by jury on all issues so triable.

**COUNT IV**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Disability Discrimination (Wrongful Termination)**
**Fla. Stat. §§ 760.01–760.11**

76. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

77. At all times material hereto, Defendant was an employer within the meaning of the ADA.

78. At all times material hereto, Plaintiff was disabled within the meaning of the ADA.

79. At all times material hereto, Plaintiff was a qualified individual with a disability who could perform the essential functions of his position with reasonable accommodation.

80. Defendant knew of Plaintiff's disability and his need for accommodation.

81. Plaintiff requested reasonable accommodations, including permission to wear his medically necessary life vest and approved medical leave for treatment and recovery.

82. Defendant was obligated to provide reasonable accommodation to Plaintiff absent undue hardship and to engage in an interactive process in response to Plaintiff's request.

83. Defendant failed to provide reasonable accommodation to Plaintiff.

84. Defendant also failed to engage in the interactive process in good faith.

85.     As a direct and proximate result of Defendant's failure to accommodate Plaintiff's disability, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, and other compensatory damages permitted by law.

**WHEREFORE**, the Plaintiff, DAVID MICHAEL MARCISZEWSKI, demands judgment against Defendant, CAMERON ASHLEY BUILDING PRODUCTS, for damages, attorneys' fees, costs, interest, and such other legal and equitable relief as the Court deems just and proper, and demands trial by jury on all issues so triable.

**COUNT V**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Failure to Accommodate**
**Fla. Stat. §§ 760.01–760.11**

86.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

87.     At all times material hereto, Defendant was an employer within the meaning of the FCRA.

88.     At all times material hereto, Plaintiff suffered from a disability within the meaning of the FCRA.

89. At all times material hereto, Plaintiff was qualified to perform the essential functions of his position with reasonable accommodation.

90. Defendant knew of Plaintiff's disability and his need for accommodation.

91. Plaintiff requested reasonable accommodations, including permission to wear his medically necessary life vest and approved medical leave for treatment and recovery.

92. Defendant was obligated under the FCRA to provide reasonable accommodation to Plaintiff absent undue hardship.

93. Defendant failed to provide reasonable accommodation to Plaintiff.

94. Defendant also failed to engage in the interactive process in good faith after Plaintiff requested accommodation.

95. As a direct and proximate result of Defendant's failure to accommodate Plaintiff's disability, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, and other damages recoverable under the FCRA.

**WHEREFORE**, Plaintiff, DAVID MICHAEL MARCISZEWSKI,

demands judgment against Defendant, CAMERON ASHLEY BUILDING PRODUCTS, for damages, attorneys' fees, costs, interest, and such other legal and equitable relief as the Court deems just and proper, and demands trial by jury on all issues so triable.

## COUNTVI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Retaliation
### Fla. Stat. §§ 760.01–760.11

96. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

97. At all times material hereto, Defendant was an employer within the meaning of the FCRA.

98. Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations and medical leave related to his disability.

99. Defendant knew that Plaintiff engaged in protected activity.

100. Defendant subjected Plaintiff to an adverse employment action when it terminated his employment on March 1, 2025.

101. There is a causal connection between Plaintiff's protected activity and the termination of his employment.

102. The close temporal proximity between Plaintiff's protected activity and his termination, together with Defendant's false and pretextual reasons for the termination, supports an inference of retaliation.

103. Defendant retaliated against Plaintiff in violation of the FCRA.

104. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, and other damages recoverable under the FCRA.

**WHEREFORE**, the Plaintiff, DAVID MICHAEL MARCISZEWSKI, demands judgment against Defendant, CAMERON ASHLEY BUILDING PRODUCTS, for damages, attorneys' fees, costs, interest, and such other legal and equitable relief as the Court deems just and proper, and demands trial by jury on all issues so triable.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 31st day of March 2026.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033

**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com